■ In the Matter of GLORIA KNOWLES, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of the State Department of Social Services, dated September 26, 1972, which, after a hearing, affirmed a determination of the Rockland County Department of Social Services terminating petitioner's public assistance grant until such time as she would sell a certain 1972 automobile and utilize the proceeds realized on the sale. Determination confirmed, without costs. No opinion. Hopkins, Acting P. J., Munder, Gulotta and Brennan, JJ., concur; Martuscello, J., dissents and votes to annul the determination and remand the matter to the State Department of Social Services for a new hearing and a new determination, with the following memorandum: In my opinion, the determination to discontinue petitioner's public assistance grant of Aid to Families with Dependent Children (AFDC) until such time as she would sell a certain 1972 automobile and utilize the proceeds realized upon the sale is not supported by substantial evidence in the record. The determination rested on the conclusion that petitioner, who has two minor children and is employed on the night shift of the

Rockland State Hospital, resides in an area where public transportation is available and that her automobile constitutes a nonessential and currently available resource which must be utilized to remove or reduce the need for public assistance. However, there was no evidence in the record that public transportation was available to petitioner or that, even if available, it in fact met her needs in reaching her place of employment. In fact, her uncontroverted testimony at the hearing was to the effect that, prior to the purchase of the automobile, she missed several days of work, due to the unreliability of public transportation. Moreover, even if efficient public transportation were available, that fact alone could not serve to sustain the determination herein. There would have to be an additional finding, substantiated in the record, that the automobile was a currently available asset, i.e., that its sale would result in a surplus which could then be applied to her needs. Not to require such a finding would be contrary to the purpose of the AFDC Program, namely, protection of dependent children who are in economic need. However, the only evidence in the record herein indicates that the actual cash value of the automobile was exceeded by the outstanding indebtedness thereon.